IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH CONGDON, | Case No. 2:20-CV- 688 |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | J. |
| WALMART, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, by and through her trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint, based upon the following.

### I. PARTIES

1. The Plaintiff is Elizabeth Congdon ("Congdon"), former employee of Defendant, who resides a 3000 Westpointe Dr. Apt. T3, Pittsburgh PA 15205.

2. The Defendant is Walmart, former employer of Plaintiff, that has a headquarters located at 702 SW8th street Bentonville, AR 72712.

3. The events described in the complaint occurred at Store 2300, 250 Summit Park Dr., Pittsburgh PA 15275.

### II. JURISDICTION

4. This Court has jurisdiction over this case pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. 2000 et seq., for Gender Discrimination and Retaliation.

5. Congdon filed a Charge of Discrimination and Retaliation with the E.E.O.C., No. 533-2019-01021, and received a neutral letter of dismissal and files this complaint timely.

### III. FACTS

6. Elizabeth Congdon ("Congdon" and/or "Plaintiff"), is an adult female, over the age twenty-six (26).

7. Condon began working for Walmart May 8, 2014 in the position of daylight dairy associate.

8. In 2016, Congdon became an overnight stock person.

9. On or about October 31, 2018, male co-worker, Derek Utley, ("Utley") sexually harassed Congdon.

10. Specifically, after 12:00 a.m., Congdon and Utley were talking about other jobs they would consider.

11. Utley told Congdon in a creepy voice that she should "Work the corner" and laughed.

12. Congdon interpreted the comment to suggest she should be a prostitute.

13. Congdon objected and ended the conversation.

14. Congdon complained to Personnel Manager, Robert, within a week of the comment.

15. Congdon also provided a written statement to Robert.

16. Congdon also complained to Store Manager, Donald Henry ("Henry") within two (2) weeks of the incident and provided a second written statement.

17. Congdon also complained to Co-manager, Ian.

18. Despite Congdon's complaints, Utley continued to be scheduled to work with Congdon.

19. Congdon complained that she no longer could work with Utley and she was very uncomfortable around him.

20. Congdon requested a three (3) month leave of absence to avoid working with Utley.

21. Henry approved a two (2) week leave of absence.

22. Congdon requested an extension of the two (2) week leave of absence but did not receive a response from her employer.

23. Congdon received inconsistent information from Walmart about her return.

24. Congdon did not receive information about her return date and assignment.

25. Congdon requested an assignment away from Utley but received no response.

26. Congdon discovered she was Terminated on or about December 4, 2018.

27. Congdon followed up with Walmart but was not provided a reason.

28. Congdon's last day of work was November 1, 2018.

29. Congdon subsequently complained to Market Human Resources Representative, Suzanne, about the harassment and the termination and tried to acquire clarification and save her job.

30. Suzanne provided no helpful information.

31. Congdon personally requested copies of her statements from Robert, Henry, Personnel Manager Ian and Suzanne, but Congdon was told they could not locate her statements.

32. Walmart provided no reasonable response to Congdon's complaints about sexual harassment and terminated Congdon because of her complaints about sexual harassment.

### III.   CAUSES OF ACTION

#### COUNT I: UNCORRECTED HOSTILE WORK ENVIRONMENT

33. Plaintiff repeats all prior allegations herein.

34. Plaintiff is female.

35. Plaintiff is qualified with experience and a record of good performance.

36. Plaintiff suffered a sexually harassing comment and situation at work.

37. Plaintiff promptly complained about the sexual harassment to supervisors.

38. Walmart took no corrective action that would permanently remove Plaintiff from the harassment.

39. Plaintiff suffered unnecessary emotional harm related to the harassment and Walmart's lack of corrective action which kept the threat of future harassment a probability.

40. Walmart intentionally failed to correct a sexually harassing situation.

41. Plaintiff prays for all available relief, compensatory and punitive damages, costs and fees and attorney fees.

## COUNT II: RETALIATION

42. Plaintiff repeats all prior allegations herein.

43. Plaintiff suffered sexual harassment and engaged in protected activity on multiple occasions.

44. Within a short proximity of time after Plaintiff's complaint, Walmart rejected her request for leave and terminated her without clear notice and no legitimate business reason to do so.

45. Walmart intentionally retaliated against Plaintiff and Plaintiff lost a valuable position as a result.

46. Plaintiff requests compensatory and punitive damages, all available relief, costs, fees and attorney fees.

  WHEREFORE Plaintiffs prays for a judgment against the Defendant.

**JURY TRIAL DEMANDED**

        Respectfully submitted,

        ERIK M. YURKOVICH, ESQ.
        PA. I.D. No. 83432
        207 Pine Creek Road
        Building 1, Suite 201
        Wexford, Pennsylvania 15090
        T: 724.933.9199
        erik.yurkovich@gmail.com